**NORTH BRANCH PRODUCTS, INC.,** a Michigan Corporation, of Millington, Michigan, Appellant,

v.

**W. Reuen FISHER,** Village of Entrance, Alberta, Canada, Appellee.

No. 15663.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 14, 1960.

Decided Nov. 15, 1960.

Petition for Rehearing Denied Dec. 7, 1960.

Mr. Albert A. Smith, Saginaw, Mich., of the bar of the Supreme Court of Michigan, pro hac vice, by special leave of court, with whom Mr. J. Harold Kilcoyne, Washington, D. C., was on the brief, for appellant.

* Sitting by designation pursuant to Sec. 294(a), Title 28 U.S.Code.

Mr. Robert G. Mentag, Detroit, Mich., with whom Mr. Albert W. Rinehart, Washington, D. C., was on the brief, for appellee.

Before Mr. Justice REED, retired,* and FAHY and WASHINGTON, Circuit Judges.

FAHY, Circuit Judge.

The case comes to us on appeal from an order of the District Court dismissing the complaint of the plaintiff-appellant, on motion of the defendant-appellee. The dismissal was on the ground of forum non conveniens.

By the complaint appellant sought primarily a declaratory judgment that it owned certain United States patents [1] issued to appellee and certain patent applications pending in his name. The patents and applications relate generally to drill bushings, arbors, bearings and like items. The complaint alleges that appellant is a Michigan corporation, with offices and manufacturing plant in that state, and that appellee at material times has been a stockholder, director, secretary-treasurer, and general manager of the corporation in charge of manufacture and sale of said items and in charge also of research, development, and engineering. It is further alleged that the work of appellee in connection with the patents and applications was performed in the course of his employment by appellant, with materials purchased by it, and that the expense of obtaining the patents was paid from appellant's funds. Appellant claims to be the sole owner of the patents.

The complaint places appellee's residence as the Village of Entrance, in the Province of Alberta, Canada, and alleges that appellee has not filed a written designation in the United States Patent Office stating the name and address of the person residing in the United States on whom may be served process affecting the patents and other rights described. Affi-

1. The patents referred to are Nos. 2,766,-084, 2,744,424, 2,737,425, 2,766,083 and 2,543,840.

davit was filed as to appellee's non-residence in the District of Columbia and his absence therefrom at least six months, leading to service upon him by publication under the provisions of 13 D.C.Code § 108 (1951), read with 35 U.S.C. § 293 (1958), infra note 5.

On July 18, 1958, appellee filed an answer on the merits and a counterclaim for infringement and for royalties, and on November 30, 1959, moved to dismiss on the ground the District Court lacked jurisdiction of the subject matter and of the person of appellee.

The District Court sustained its jurisdiction of the subject matter, and held that by interposing a counterclaim, which the court found to be permissive in nature, appellee had submitted himself to the jurisdiction of the court. The court, however, sua sponte dismissed appellant's complaint, under the doctrine forum non conveniens.[2]

The reasons given to support the dismissal fail to take account sufficiently of several factors which lead us to conclude the court erred. Surely it would not be more convenient for appellant to sue appellee in Alberta, Canada, the place of his residence. Alberta is as distant from Michigan, the state of appellant's incorporation and the location of its offices and manufacturing plant, as is the District of Columbia. It is a foreign

jurisdiction and cannot be considered a more suitable or convenient forum in which to require the rights of the parties to be determined. There is no certainty a Canadian court would be compelled to assume jurisdiction of an action filed there by a non-Canadian citizen. We do not decide the question, but its existence adds weight to the argument against the dismissal here. "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055.[3] It will not do to send appellant off to Alberta to litigate there, however pleasant the sojourn in Canada might be.

It is urged that Michigan, if not Canada, is a more convenient forum. It does have some conveniences, see note 2 supra, but a substantial obstacle stands in the way of requiring the action to be pursued there rather than permitting it to be pursued here, namely, the uncertainty of appellant's ability to obtain jurisdiction over appellee, who, though a citizen of Michigan, is a resident of Alberta. As the District Court said, the action "is a suit in equity *in personam* to adjudicate title to patents," and, we add, to patent applications. The parties are agreed as to this characterization of the action, and we also agree. It can hardly be said

---

2. The opinion of the District Court states [179 F.Supp. 846]:

   "The plaintiff is a corporation organized and existing under the laws of Michigan and having its office and place of business in that State. It has no contact whatsoever with the District of Columbia. The defendant is a resident of Alberta, Canada. It does not appear that he is a citizen or a resident of the District of Columbia, or even of the United States. There is no showing that the cause of action arose in this district, and manifestly it did not."

3. See also Ford Motor Co. v. Ryan, 2 Cir., 1950, 182 F.2d 329, certiorari denied, 340 U.S. 851, 71 S.Ct. 79, 95 L.Ed. 624, where it is stated that "a defendant has the burden of making out a strong case for a transfer and * * * that the plaintiff's privilege, conferred by

statute, of choosing the forum he selected is a factor to be considered * * *." 182 F.2d at page 330. And see Wiren v. Laws, 90 U.S.App.D.C. 105, 194 F. 2d 873. It is also to be remembered that forum non conveniens differs from a transfer under 28 U.S.C.A. § 1404(a) (1958), a more stringent showing being required for the former. Norwood v. Kirkpatrick, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789, quoting from All States Freight, Inc. v. Modarelli, 3 Cir., 1952, 196 F.2d 1010, 1011:

   "The *forum non conveniens* doctrine is quite different from Section 1404(a). That doctrine involves the dismissal of a case because the forum chosen by the plaintiff is so completely inappropriate and inconvenient that it is better to stop the litigation in the place where brought and let it start all over again somewhere else."

that Michigan furnishes a more convenient forum than the District of Columbia when, insofar as we are advised, jurisdiction over appellee cannot be obtained in Michigan. No res of the litigation is there, nor is appellee; and constructive service may not be available. In Stewart v. Eaton, 1939, 287 Mich. 466, 477, 283 N.W. 651, 655, 120 A.L.R. 1354, it is said:

> "To secure personal jurisdiction over nonresidents, a personal service beyond the limits of the State is equally ineffective as is constructive service by publication. The process of a court runs legally only within the limits of its jurisdiction and it is only by service made within those limits that a right to recognize a personal judgment against a nonresident without his consent is acquired."

And see 1 Callaghan's Michigan Pleading & Practice § 16.85, at 463 (1946).

■■ As stated in Gulf Oil, "In all cases in which the doctrine of *forum non conveniens* comes into play, it presupposes at least two forums in which the defendant is amenable to process; the doctrine furnishes criteria for choice between them." [4] Assuming jurisdiction in our District Court, there is no clear choice of another forum where appellee is amenable to process.

The question remains whether jurisdiction resides in our District Court. As to this we agree with the court that jurisdiction was acquired over both subject matter and appellee.

■■ As to subject matter the action, as we have seen, is one to determine the title or ownership, as between the corporate appellant and the individual appellee, of patents held in the latter's name and certain pending applications. Deeming the action to be one in which service on a nonresident patentee could be made under 35 U.S.C. § 293,[5] plaintiff attempted such service. We do not decide whether service so made gave the court jurisdiction over the subject matter, for, that question aside, such jurisdiction resides in the common-law equity jurisdiction of our District Court. Both section 293 and 28 U.S.C. § 1338 (1958), the latter now set forth in the margin,[6] are special grants of jurisdiction in the area of patents, copyrights, and trademarks, which leave unimpaired the underlying jurisdiction in equity which encompasses the present case. See Pang-Tsu Mow v. Republic of China, 91 U.S. App.D.C. 324, 201 F.2d 195, certiorari denied, 345 U.S. 925, 73 S.Ct. 784, 97 L.Ed. 1356, and cases cited. Cf. King v. Wall & Beaver St. Corp., 79 U.S.App.D.C. 234, 145 F.2d 377.[7]

---

4. 330 U.S. at pages 506–507, 67 S.Ct. at page 842.

5. That section reads:
   "Every patentee not residing in the United States may file in the Patent Office a written designation stating the name and address of a person residing within the United States on whom may be served process or notice of proceedings affecting the patent or rights thereunder. If the person designated cannot be found at the address given in the last designation, or if no person has been designated, the United States District Court for the District of Columbia shall have jurisdiction and summons shall be served by publication or otherwise as the court directs. The court shall have the same jurisdiction to take any action respecting the patent or rights thereunder that it would have if the patentee were

personally within the jurisdiction of the court."

6. Section 1338 reads:
   "(a) The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, copyrights and trademarks. Such jurisdiction shall be exclusive of the courts of the states in patent and copyright cases.
   "(b) The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent or trade-mark laws."

7. The fact that the complaint alleges jurisdiction over the subject matter under 28 U.S.C. § 1338, is immaterial if, as we think is true, the allegations bring the

As to jurisdiction of the person, the defendant-appellee filed an answer and counterclaim for royalties and infringement, unaccompanied by any objection to jurisdiction. He thus submitted to the jurisdiction of the court. Many months later he filed a motion to dismiss "For Lack of Jurisdiction Over the Subject Matter," having come to the conclusion that section 1338, applicable to an action arising under the patent laws, did not apply, and that section 293 "does not give the court personal jurisdiction over the defendant," nor over the subject matter. But the court had already obtained personal jurisdiction over defendant by his previously filed answer and counterclaim. By the latter he sought affirmative relief and thus invoked the court's jurisdiction.[8] Appellee urges to the contrary that the counterclaim was compulsory under Rule 13(a), Fed.Rules Civ.Proc. 28 U.S.C., that is, had to be asserted when filed or be lost, since it arose out of the transaction or occurrence that was the subject matter of the complaint, and did not require the presence of a third party. It is said to follow that the answer and contemporaneously filed counterclaim did not operate to bring appellee within the District Court's jurisdiction. The District Court thought that the counterclaim was permissive. Whether or not is immaterial, for even if compulsory appellee was not compelled to pursue it unless served properly and could have filed a motion to quash the service attempted in reliance upon section 293. Rule 12(b) allows a challenge to jurisdiction of the person to be made by motion prior to the filing of an answer or counterclaim. Thus, were the counterclaim compulsory it need not have been asserted immediately but could await, without being lost, the disposition of a motion to dismiss for lack of jurisdiction over the person. See Beaunit Mills, Inc. v. Industrias Reunidas F. Matarazzo, S.A., D.C.S.D.N.Y.1959, 23 F.R.D. 654. If the motion were granted appellee would have been under no compulsion to file a counterclaim. Were the motion denied the objection to service could have been reasserted on appeal and if then sustained the interim filing of the counterclaim would not have waived the objection.

Appellee, having submitted voluntarily to jurisdiction over the person by the pleadings he filed,[9] could not thereafter avoid the consequence by retracting.

Reversed and remanded.

case within the equity jurisdiction of the court aside from that provision.

8. Freeman v. Bee Machine Co., 319 U.S. 448, 453, 63 S.Ct. 1146, 87 L.Ed. 1509; Merchants Heat & Light Co. v. James B. Clow & Sons, 204 U.S. 286, 27 S.Ct. 285, 51 L.Ed. 488; Kincade v. Jeffery-De Witt Insulator Corp., 5 Cir., 1957, 242 F. 2d 328; Hadden v. Rumsey Prods., 2 Cir., 1952, 196 F.2d 92; Beaunit Mills, Inc. v. Industrias Reunidas F. Matarazzo, S.A., D.C.S.D.N.Y.1959, 23 F.R.D. 654; Noerr Motor Freight v. Eastern R.R. Presidents Conference, D.C.E.D. Pa.1957, 155 F.Supp. 768, 838; Hook & Ackerman, Inc. v. Hirsch, D.C.1951, 98 F.Supp. 477. But, where the objection to service is filed with answer which includes counterclaim, see Keil Lock Co.,

Inc. v. Earle Hardware Mfg. Co., D.C. S.D.N.Y.1954, 16 F.R.D. 388.

9. We do not find it necessary to discuss an alternate ground for deeming appellee to have waived his jurisdictional objection, that is, by answering to the merits and then later challenging jurisdiction of the person. The counterclaim aside, appellee could properly have joined his answer with a motion to dismiss without waiving the latter, but under Rule 12(h) the defense of lack of jurisdiction of the person is waived if not raised by motion before answer or with the answer, because of defendant's failure to assert the defense within the time prescribed by that Rule. See Ginn v. Biddle, D.C. E.D.Pa.1945, 60 F.Supp. 530; Bogar v. Ujlaki, D.C.W.D.Pa.1945, 4 F.R.D. 352.