Seymour M. CHASE,

v.

PAN–PACIFIC BROADCASTING, INC., et al. Miko Enterprises, Inc., et al., Appellants.

No. 83–2329.

United States Court of Appeals, District of Columbia Circuit.

Argued Nov. 2, 1984.

Decided Dec. 18, 1984.

James C. Eastman, Washington, D.C., for appellants.

Charles T. Duncan, Washington, D.C., with whom Mark D. Colley, Washington, D.C., was on the brief, for appellee.

Before GINSBURG, BORK and STARR, Circuit Judges.

Opinion for the Court filed by Circuit Judge GINSBURG.

GINSBURG, Circuit Judge:

We review in this interlocutory appeal, taken pursuant to 28 U.S.C. § 1292(b) (1982), the district court's determination that a defendant who interposes a counterclaim thereby waives a simultaneously asserted personal jurisdiction defense. We reverse the district court's order. The holding that a defendant may not state in an answer both a jurisdictional defense and a counterclaim is inconsistent with the design and purpose of the pleading prescriptions set out in the Federal Rules of Civil Procedure. *See* FED.R.CIV.P. 8, 12, 15. Rule 12(b) gives a defendant the *option* to assert jurisdictional objections by motion in advance of answer. The defendant may, however, forgo a threshold motion and, as was done in this case, assert initially in the answer *every* defense, objection, or response the defendant has to the plaintiff's claim for relief, including jurisdictional challenges, denials, affirmative defenses, and counterclaims. Under the Federal Rules, no answering plea is, by reason of its character, automatically repugnant to, or repellent of, any other, and no waiver or other penalty should attend combining all responses in a single pleading.

## I. FACTS

Plaintiff-appellee Seymour M. Chase seeks payment of approximately $72,000 allegedly due him for legal services rendered in conjunction with an unsuccessful application to the Federal Communications Commission for a Los Angeles area UHF broadcast license. Chase named as defendants Pan-Pacific Broadcasting, Inc. (Pan-Pacific), the would-be licensee; Miko Enterprises, Inc. (Miko), a company holding four-fifths of the stock of Pan-Pacific; and three individuals who together own Pan-Pacific and Miko—Dennis K. Kinoshita, Masataka Iwasaki, and Charles R. Olson (the individual defendants). The action was initiated in the Superior Court of the District of Columbia on May 11, 1983. On Pan-Pacific's petition asserting the requisite complete diversity of citizenship between Chase and all defendants, the case was removed to the United States District Court for the District of Columbia on June 20, 1983. Four days later, Pan-Pacific, Miko, and the individual defendants filed answers to the complaint. No motions were filed in advance of the defendants' responsive pleadings.

Pan-Pacific designated its responsive pleading "Answer and Counterclaim." Following eleven numbered defenses, Pan-Pacific set out and separately labeled a counterclaim in three counts (conflict of interests; negligence; misrepresentation). Pan-Pacific demanded judgment on the counterclaim in the total amount of $348,000. Miko and the individual defendants designated their responsive pleadings simply "Answer." They did not set out any separately labeled counterclaim, nor did they demand any judgment against Chase. All defendants stated the same numbered defenses. The "Second Defense" in each answer read: "The Court does not have personal jurisdiction over the defendant." The "Sixth Defense" in each read: "Defendant is entitled to a set off for the claims of defendant set forth in the counterclaim of Pan-Pacific Broadcasting, Inc. filed herein, which is incorporated herein by reference."

On August 10, 1983, following the commencement of discovery, Miko and the individual defendants moved to dismiss the complaint as to them for lack of personal jurisdiction. Pan-Pacific did not join in this motion. In a Memorandum and Order filed November 10, 1983, the district court denied the motion.

As the district court analyzed the moving defendants' answers to the complaint, they had consented or submitted to the court's jurisdiction over them. The "Sixth Defense," according to the district court, must be deemed a counterclaim by force of Rule 10(c), which provides: "Statements in a pleading may be adopted by reference in a different part of the same pleading or in

another pleading or in any motion."[1] A counterclaim, the district court next stated, waives a challenge to the court's exercise of personal jurisdiction. The holding that assertion of a counterclaim cancels out any objection to the court's jurisdiction over the defendant's person, the district court believed, was impelled by our decision in *North Branch Products, Inc. v. Fisher,* 284 F.2d 611 (D.C.Cir.1960), *cert. denied,* 365 U.S. 827, 81 S.Ct. 713, 5 L.Ed.2d 705 (1961).

On December 15, 1983, the district court stated in writing, pursuant to 28 U.S.C. § 1292(b), its opinion that the order denying the motion to dismiss involved "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." We agreed and, in an order filed February 10, 1984, authorized this interlocutory appeal by Miko and the individual defendants.

## II. DISCUSSION

Federal pleading rules are part of a set of procedural directives courts are admonished to construe "to secure the just, speedy, and inexpensive determination of every action." FED.R.CIV.P. 1. Rule 8(f) counsels, harmoniously that "[a]ll pleadings shall be so construed as to do substantial justice[,]" and case law reiterates that main theme. *E.g., Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). We approach the question in this case with sensitivity to the fair, expeditious processing of civil actions the rulemakers contemplated.

It was a central purpose of Rule 12(b) to do away with the necessity for a "special appearance" by a defendant who sought to present a personal jurisdiction challenge. *See Orange Theatre Corp. v. Rayherstz*

*Amusement Corp.,* 139 F.2d 871, 874 (3d Cir.), *cert. denied,* 322 U.S. 740, 64 S.Ct. 1057, 88 L.Ed. 1573 (1944); 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1362, at 648 (1969). "No defense or objection," Rule 12(b) informs, "is waived by being joined with one or more other defenses or objections in a responsive pleading or motion."

Authority stemming from procedural thinking in vogue prior to the Federal Rules, originating in days when prospects for obtaining personal jurisdiction over out-of-state defendants were more limited than they are today, does support the notion that a counterclaim places a defendant before the court for all purposes. *See, e.g., Merchants Heat & Light Co. v. J.B. Clow & Sons,* 204 U.S. 286, 27 S.Ct. 285, 51 L.Ed. 488 (1907). However, given the development of "long-arm" concepts of a court's authority over persons outside the forum's state or national boundaries, *see generally* von Mehren & Trautman, *Jurisdiction to Adjudicate: A Suggested Analysis,* 79 HARV.L.REV. 1121 (1966),[2] the impetus for artificial rules on consent or submission to jurisdiction is no longer forceful.

The district court and plaintiff-appellee Chase rely on an opinion, *North Branch Products, Inc. v. Fisher, supra,* in which we cited obsolescing precedent, 284 F.2d at 615 n. 8, for the proposition that objections to personal jurisdiction should not be combined with counterclaims. But *North Branch* itself presented a paradigmatic case for waiver. There, the defendant interposed an answer, including a counterclaim, without asserting any objection to jurisdiction over his person. Then, some sixteen months later, he filed a motion questioning the court's jurisdiction over him. Rule 12(h)(1) was intended to stop

---

1. Rule 10(c) is designed simply to facilitate pleading with economy. *See* 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1326 (1969). It should not operate to convert a plea plainly intended as a defense by way of recoupment into a claim for affirmative relief. If the point were dispositive, we would hold the "Sixth

Defense" improperly characterized as a counterclaim.

2. *See also* von Mehren, *Adjudicatory Jurisdiction: General Theories Compared and Evaluated,* 63 B.U.L.REV. 279 (1983).

personal jurisdiction objections thus unreasonably delayed.

The office of Rule 12(h)(1) is to assure that a defense of lack of jurisdiction over the person is asserted promptly. It provides that the defense is waived if it is neither made by pre-answer motion nor included in the answer or an amendment thereto made within twenty days of the answer's service. The *North Branch* defendant raised personal jurisdiction far too late in the day, *see* 284 F.2d at 615 n. 9, and for that sole reason, without regard to his counterclaim, it was fair to preclude him from pursuing the jurisdictional objection. The *North Branch* panel, moreover, explicitly noted that it did not confront an objection to the exercise of personal jurisdiction timely made in an answer that included a counterclaim, and it passed no judgment on such a case. *Id.* at 615 n. 8. Indeed, the *North Branch* court cited with seeming approval a decision, *Keil Lock Co. v. Earle Hardware Manufacturing Co.*, 16 F.R.D. 388 (S.D.N.Y.1954), holding that assertion of a counterclaim does not repel a simultaneously asserted objection to jurisdiction over the defendant's person.

Rules meshing with Rule 12 lend support to our view that there is no automatic preclusion of a jurisdictional objection by virtue of its inclusion in an answer that also asserts a counterclaim.[3] Rule 8(a) allows a party to seek relief "in the alternative or of several different types." Rule 8(c) instructs the court, "if justice so requires," to correct a mistaken designation of "a defense as a counterclaim or a counterclaim as a defense." Rule 8(e) confirms that a pleader may "state as many separate claims or defenses as he has regardless of

consistency." Rule 15(a) allows a party to "amend his pleading once as a matter of course" and, after the opening round, on leave of court "freely given when justice so requires." The trend of decisions, in harmony with these sensible pleading rules, is in accord with our disposition. *See Neifeld v. Steinberg*, 438 F.2d 423 (3d Cir.1971); *Lomanco, Inc. v. Missouri Pacific Railroad*, 566 F.Supp. 846 (E.D.Ark.1983); *In re Arthur Treacher's Franchisee Litigation*, 92 F.R.D. 398 (E.D.Pa.1981); *Keil Lock Co. v. Earle Hardware Manufacturing Co., supra; Sadler v. Pennsylvania Refining Co.*, 33 F.Supp. 414 (W.D.S.C. 1940).[4]

The moving defendants in this case asserted their objections to personal jurisdiction promptly and appropriately; under the Federal Rules, they are entitled to a decision on the merits of their objections.

For the reasons stated, the order under review is reversed, and the case is remanded to the district court for prompt airing and decision of the objections to personal jurisdiction raised by Miko and the individual defendants.

*It is so ordered.*

---

**3.** Adjudication of the merits of the counterclaim appropriately may be regarded as conditioned on the failure of the defendant's jurisdictional objection, unless the court, without regard to the main claim, would have subject matter jurisdiction and personal jurisdiction, and be a place of proper venue with respect to the counterclaim. *See Burns v. Rockwood Distrib. Co.*, 481 F.Supp. 841, 848–49 (N.D.Ill.1979).

**4.** *Accord* in the context of compulsory counterclaims: *Dragor Shipping Corp. v. Union Tank Car Co.*, 378 F.2d 241 (9th Cir.1967); *Hasse v. American Photograph Corp.*, 299 F.2d 666, 668–69 (10th Cir.1962); *Merz v. Hemmerle*, 90 F.R.D. 566 (E.D.N.Y.1981); *Hunt v. BP Exploration Co.*, 492 F.Supp. 885 (N.D.Tex.1980); *Baltimore & O.R.R. v. Thompson*, 80 F.Supp. 570 (E.D.Mo. 1948), *aff'd*, 180 F.2d 416 (8th Cir.1950). *See generally* 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1397 (1969 & Supp.1983).