UNITED STATES of America, Plaintiff,

v.

B.B.S. ELECTRONICS INTERNATIONAL INC., and Peerless Insurance Co., Defendants.

No. 81-12-01643.

United States Court of International Trade.

Nov. 21, 1985.

Richard K. Willard, Acting Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Attorney in Charge, International Trade Field Office (John J. Mahon, New York City, on brief), for plaintiff.

Tomas Greenberger, for defendant B.B.S. Electronics Intern. Inc.

Gottesman, Wolgel, Smith & Secunda, P.C. (Lawrence L. Flynn), New York City, for defendant Peerless Ins. Co.

## MEMORANDUM OPINION AND ORDER

RE, Chief Judge:

In this action, brought pursuant to 28 U.S.C. § 1582(2)(1982), plaintiff, the United States, seeks to recover $9,481.50 as liquidated damages, jointly and severally, from defendants B.B.S. Electronics International Inc. (BBS), and Peerless Insurance Co. (Peerless), under the terms of an Immediate Delivery and Consumption Entry Bond.

The parties are before the Court on a series of motions and cross-motions. Both defendants move to dismiss plaintiff's complaint for failure to prosecute. In addition, Peerless alleges an affirmative defense that the complaint against it should be dismissed for lack of in personam jurisdiction.

Also before the court is plaintiff's cross-motion for summary judgment.

The following questions are presented:

First, whether plaintiff's action should be dismissed because of lack of prosecution; second, whether Peerless waived its jurisdictional objection by asserting in its answer a cross-claim against BBS, or by failing to include the objection in its motion to dismiss; and, finally, whether plaintiff is entitled to summary judgment as a matter of law.

After careful consideration of the arguments of the parties, the pleadings, and supporting papers, it is the determination of the Court that the action is not subject to dismissal for lack of prosecution. The Court also holds that since Peerless interposed a valid jurisdictional defense which was not waived, plaintiff's action against Peerless is dismissed. Finally, plaintiff's motion for summary judgment against BBS is hereby granted.

### Facts

On June 10, 1975, BBS entered 24 cases of color television sets through the port of New York. The imported merchandise was valued at $9,030.00, and the duty was calculated to be $451.50. On June 11, 1975, BBS, as principal, and Peerless, as surety, duly executed and delivered to the United States an Immediate Delivery and Consumption (Single) Entry Bond. Pursuant to the terms of the bond, the defendants jointly and severally guaranteed that all duties, taxes, and liquidated damages due plaintiff as a result of the entry of the merchandise would be paid. The bond also provided that, if the merchandise was found to be in violation of the laws and regulations governing its admission into the United States, BBS would, after proper notice, export the television sets under the supervision of the Customs Service. If BBS failed to comply with the terms of the bond, it agreed to pay to the district director of customs as liquidated damages, an amount equal to the value of the merchandise, plus the estimated duties, that is, $9,481.50.

On June 23, 1975, the merchandise was conditionally released by the Customs Service to BBS. BBS was directed to keep the shipment intact. On September 9, 1975, BBS was duly notified that the color television sets were in violation of section 360(a) of the Radiation Control for Health and Safety Act of 1968, 42 U.S.C. § 263h, and, therefore, they had to be exported under the supervision of the Customs Service within 90 days. BBS failed to export the television sets in compliance with the notice.

On December 8, 1981, pursuant to section 1582 of title 28 U.S.C., plaintiff, United States, commenced this action seeking to recover $9,481.50 as liquidated damages, plus interest. Plaintiff filed an amended complaint on March 2, 1982. BBS did not respond to the amended pleading.

### Lack of Prosecution

On June 13, 1984, BBS moved pursuant to Rule 41(b) of the Rules of this Court to dismiss plaintiff's action for lack of prosecution. By affidavit, Peerless joined in this motion. In its memorandum which accompanied the motion, BBS argued that dismissal was proper because plaintiff had not proceeded "diligently with trying this action on the merits." BBS noted that plaintiff had waited until the last day within the statute of limitations to commence the suit, a full 6 years after the cause of action accrued. BBS also contended that, for more than 2 years after commencing the action, plaintiff "shelved" the file. In essence, BBS argues that, in all cases, dismissal for failure to prosecute under Rule 41 is mandatory "where no action has been taken for 12 months." This argument is without merit.

Plaintiff's motion is properly addressed to Rule 41(b)(2), which, before its current amendment, read as follows:

> Whenever it appears that an assigned action is not being prosecuted with due diligence, the court may, upon its own initiative after notice, or upon motion of a defendant, order the action dismissed for lack of prosecution.

U.S.C.I.T. R. 41(b)(2).

Dismissal under Rule 41(b)(2) of the Rules of this Court is discretionary.

*See Silver Reed America, Inc. v. United States,* 5 CIT 279, 280, 565 F. Supp. 1047, 1048 (1983); *cf. Link v. Wabash R.R.,* 370 U.S. 626, 629–31, 82 S.Ct. 1386, 1388–89, 8 L.Ed.2d 734 (1961). In general terms, it may be said that the Court will not dismiss an action in the absence of a showing of a clear pattern of delay, contumacious conduct, or failure to comply with orders of the Court. *See e.g., Silver Reed America, Inc., supra,* 5 CIT at 281, 565 F. Supp. at 1049.

▆ In this case, the Court holds that BBS has not persuaded the Court that the extreme sanction of dismissal is warranted. BBS does not allege that plaintiff has failed to comply with any orders of the court or engaged in contumacious conduct. BBS argues simply that plaintiff's case should be dismissed because too much time has elapsed since its initiation. Although plaintiff's laxness in prosecuting this action may not meet with the Court's approval, the Court notes the settlement discussions that have taken place between Peerless and the plaintiff, and that there has been at least one substitution of counsel. Under the circumstances of this case, the motion to dismiss for lack of prosecution is denied.

### Lack of Jurisdiction

Plaintiff admits that it failed properly to serve Peerless. As a result of the improper service, in its amended answer, Peerless interposed the defense of lack of in personam jurisdiction, and asserted a cross-claim against BBS in indemnity. Plaintiff argues that, by including the cross-claim in its answer, Peerless effectively waived the jurisdictional defense.

▆ Whether the defense of lack of in personam jurisdiction is waived by a defendant who asserts the defense contemporaneously with a cross-claim is a novel question for this Court. Hence, it is helpful to seek guidance from the other federal courts which have interpreted and applied the Federal Rules of Civil Procedure. The federal courts, however, are divided and have not answered this question uniformly. *Globig v. Greene & Gust Co.,* 193 F. Supp.

544, 549 (E.D. Wis. 1961); Recent Development, 59 Colum. L. Rev. 1093, 1094 (1959). *Compare Chase v. Pan-Pacific Broadcasting, Inc.,* 750 F.2d 131, 133 (D.C. Cir. 1984) (no waiver) *with Merz v. Hemmerle,* 90 F.R.D. 566, 569 (E.D.N.Y. 1981) (waiver). After careful examination of the applicable rules and case law, this Court holds that by asserting in its answer a cross-claim against BBS, Peerless did not waive its jurisdictional objection of lack of in personam jurisdiction.

Prior to the enactment of the Federal Rules of Civil Procedure, the rule pertaining to the combining of counterclaims and jurisdictional objections was enunciated by Justice Holmes in *Merchants Heat and Light Co. v. J.B. Clow & Sons,* 204 U.S. 286, 27 S.Ct. 285, 51 L.Ed. 488 (1907). In *Merchants Heat,* the defendant claimed that it was improperly served with process. Although the Court "intimate[d] no opinion either way" on the issue of improper service, it held that the defendant submitted to the jurisdiction of the trial court by combining a counterclaim with its objection to service of process. *Id.* at 289, 27 S.Ct. at 285. Justice Holmes, writing for the Court, stated:

> [B]y setting up its counterclaim the defendant became a plaintiff in its turn, invoked the jurisdiction of the court in the same action and by invoking submitted to it.

*Id.*

Since the adoption of the Federal Rules in 1938, virtually all of the courts which have considered this question have cited the language of *Merchants Heat. E.g., Neifeld v. Steinberg,* 438 F.2d 423, (3d Cir. 1971); *North Branch Products v. Fisher,* 284 F.2d 611, 615 n. 8 (D.C. Cir. 1960); *see* Note, *Federal Rules of Civil Procedure: Curing an Apparent Waiver of Jurisdictional Defenses,* 32 Md.L.Rev. 156 (1972). Some courts have resolved the issue by distinguishing permissive and compulsory counter-claims, cross-claims, and third-party claims. *E.g., Gates Learjet Corp. v. Jensen, supra,* 743 F.2d 1325, 1330 n. 1 (9th Cir. 1984), *cert. denied,* —— U.S. ——,

105 S.Ct. 2143, 85 L.Ed.2d 500 (1985) (84–1590); *Globig v. Greene & Gust Co., supra,* 193 F.Supp. at 548–49; *see also* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1397 (1969 & Supp. 1985). The common question in all of these cases, however, was whether the "procedural rule enunciated in *Merchants Heat and Light Co.* was changed by the Federal Rules of Civil Procedure." *Neifeld v. Steinberg, supra,* 438 F.2d at 427; *see also Lomanco Inc. v. Missouri Pacific R.R.,* 566 F.Supp. 846, 849 (E.D. Ark. 1973). It is the determination of this Court that the rule articulated in *Merchants Heat* has been changed by the adoption of the Federal Rules.

Rule 12 of the rules of this Court, which is substantially similar to Federal Rule 12, states, in part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defense may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) insufficiency of process, (4) insufficiency of service of the summons and complaint, (5) failure to state a claim upon which relief can be granted, (6) failure to join a party under Rule 19. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion....
>
> ....

**(h) Waiver or Preservation of Certain Defenses**

> (1) A defense of lack of jurisdiction over the person, insufficiency of process, or insufficiency of service of the summons and complaint is waived (A) if omitted from a motion in the circumstances described in subdivision (g) of this rule, or (B) if it is neither made by motion under this rule nor included in a respon-

sive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

U.S.C.I.T. R. 12(b), (h).

As stated by Judge Biggs in *Neifeld v. Steinberg,* it is clear that "there is nothing in the language of Rule 12(b) which *specifically* shields the defenses of lack of personal jurisdiction ... from waiver when [the defense is] joined with a counterclaim." *Neifeld v. Steinberg, supra,* 438 F.2d at 428 (emphasis in original).

In *Neifeld v. Steinberg,* the United States Court of Appeals for the Third Circuit held that Rule 12(b) "implicitly authorizes a defendant to join these defenses with a counterclaim without waiving [the defenses listed in Rule 12]." 438 F.2d at 428. The *Neifeld* court reasoned that if it "were to take the position that a defendant, by raising his jurisdictional defenses in the same pleading in which he asserted a counterclaim, waived his jurisdictional defenses, [it] would in effect be engrafting a judicial exception to Rule 12(b). [It] would be requiring a defendant to raise his jurisdictional defenses by motion when he intends to file a counterclaim in his responsive pleading. This requirement would be contrary to the option provided to the defendant in Rule 12(b)." *Id.* (footnotes omitted).

It is clear that the "trend of decisions, in harmony with ... sensible pleading rules" is that the "holding that a defendant may not state in an answer both a jurisdictional defense and a counterclaim is inconsistent with the design and purpose of the pleading prescriptions set out in the Federal Rules of Civil Procedure." *Chase v. Pan-Pacific Broadcasting, Inc.,* 750 F.2d 131, 132 (D.C.Cir.1984); *see also Gates Learjet Corp. v. Jensen, supra* 743 F.2d at 1330 n. 1; *Queen Noor Inc. v. McGinn,* 578 F.Supp. 218, 220 (S.D.Tex.1984); *Lomanco Inc. v. Missouri Pacific R.R.,* 566 F.Supp. 846, (E.D.Ark.1983) (filing of cross-claim is not a waiver). In view of the well-reasoned judicial opinions which have interpreted and applied Federal Rule 12(b), it is the determination of this Court that the asser-

tion of a cross-claim is not a waiver of an otherwise valid jurisdictional objection.

It is significant to note that the policy considerations implicit in the Customs Courts Act of 1980 also support this conclusion. The Customs Courts Act "expanded and clarified the jurisdiction of this Court to create 'a comprehensive system for judicial review of civil actions arising out of import transactions and federal statutes affecting international trade.'" *United States v. Mizrahie*, 9 CIT ——, 606 F.Supp. 703, 706 (1985) (quoting statement of President Carter, 16 Weekly Comp. of Pres. Doc. 2183 (Oct. 11, 1980)). Indeed, section 1583 of Title 28 U.S.C., which grants the Court of International Trade exclusive jurisdiction over any counterclaim, cross-claim, or third-party claim of any party to recover on a bond related to the importation of merchandise, manifests "the intent of Congress to have the rights of all of the parties adjudicated fully and completely in one action before the Court of International Trade." *Mizrahie, supra*, 9 CIT at ——, 606 F.Supp. at 707. If the Court were to hold that the jurisdictional defense is waived by combining it with a cross-claim, the defendant would be forced either to bring a prior motion, or file a separate action in indemnity rather than a cross-claim. These results would violate the sound policies of speedy resolution of all claims and judicial economy which underlie the Customs Courts Act of 1980 and the Rules of this Court.

Hence, it is the holding of the Court that, by asserting in its answer a cross-claim against BBS, Peerless did not waive its defense of lack of in personam jurisdiction. Furthermore, Peerless did not abandon its jurisdictional defense by opposing plaintiff's motion for summary judgment. Accordingly, plaintiff's motion for summary judgment against Peerless is denied, and the action against Peerless is dismissed.

### Summary Judgment

A motion for summary judgment under Rule 56 of the Rules of this Court may be granted only if there is no genuine issue of fact, and the moving party is entitled to judgment as a matter of law. *See C.J. Tower & Sons of Buffalo, Inc. v. United States*, 68 Cust.Ct. 17, 22, C.D. 4327, 336 F.Supp. 1395, 1399 (1972), *aff'd*, 61 CCPA 90, C.A.D. 1129, 499 F.2d 1277 (1974). On June 21, 1984, plaintiff filed its opposition to BBS's motion to dismiss, and submitted a cross-motion for summary judgment. Pursuant to Rule 56(i), plaintiff annexed to the motion a statement of material facts. BBS did not controvert this statement. Rather, BBS restated and amplified its arguments pertaining to lack of prosecution. Accordingly, all material facts set out in plaintiff's statement are deemed admitted. U.S.C.I.T. R. 56; *see Suwannee S.S. Co. v. United States*, 79 Cust.Ct. 19, 21, C.D. 4708, 435 F.Supp. 389, 390 (1977). Since there is no dispute that there is no genuine issue of material fact, summary judgment is proper.

It is not questioned that summary judgment may properly be granted in an action alleging breach of the terms of a bond. *See, e.g., United States v. Atkinson*, 6 CIT 257, 575 F.Supp. 791 (1983). In *Atkinson*, defendant imported three automobiles through the port of Portland, Oregon. In order to secure entry of the merchandise, defendant delivered to the District Director of Customs an Immediate Delivery and Consumption Entry Bond. *Id.* at ——, 575 F.Supp. at 792. Pursuant to the terms of the bond, the importer and its surety agreed to pay liquidated damages to the Customs Service if the importer did not redeliver the merchandise upon proper demand. After Atkinson failed to comply with an order of redelivery, the United States commenced an action on the bond. Subsequently, the court granted summary judgment for plaintiff. The court noted that the bond was breached when the importer failed to redeliver the merchandise. Since the "facts alleged in plaintiff's complaint and admitted by answer establish[ed] the liability of [defendant] for the liquidated damages sought by plaintiff," summary judgment was proper. *Id.* at ——, 575 F.Supp. at 794.

It is undisputed that pursuant to paragraph 7 of the bond, BBS agreed to export the color television sets under Customs supervision. Moreover, BBS agreed that if it failed properly to export them, it would pay to the District Director of Customs, as liquidated damages, an amount equal to the value of the merchandise plus the estimated duties.

On September 9, 1975, BBS was notified that the television sets were in violation of the applicable federal standards, and was instructed to deliver the television sets within 90 days to the District Director of Customs. BBS failed to comply with these instructions. Because of this breach of the entry bond agreement, BBS became liable to plaintiff for the sum of $9,481.50, as liquidated damages. In view of the undisputed facts, the Court holds that BBS is liable on the bond in the sum of $9,481.50, and plaintiff's motion for summary judgment against BBS is granted.

### Interest

In its motion, plaintiff requests an award of both pre- and post-judgment interest. The decisions of this Court teach that 28 U.S.C. § 1961, which mandates post-judgment interest, is applicable to the Court of International Trade. *See, e.g., United States v. Atkinson,* 6 CIT 257, 575 F.Supp. 791, 795 (1983); *United States v. Servitex, Inc.,* 3 CIT 67, 68, 535 F.Supp. 695, 696 (1982). Accordingly, plaintiff's request for an award of post-judgment interest is granted. The calculations of post-judgment interest shall be in accordance with 28 U.S.C. § 1961.

The decisions of this Court also teach that, in the absence of a statutory provision, an award of pre-judgment interest lies within the discretion of the Court, as part of its equitable powers. *Atkinson, supra,* 6 CIT at ——, 575 F.Supp. at 795 (citing *Payne v. Panama Canal Co.,* 607 F.2d 155, 166 (5th Cir.1979)). In this action, plaintiff has failed to demonstrate the propriety or necessity of a pre-judgment interest award. Any injury suffered by plaintiff is due, in part, to its laxness in initiating and prosecuting this action. *See Atkinson, supra* 6 CIT at ——, 575 F.Supp. at 796. Hence, in this case, plaintiff's request for pre-judgment interest is denied.

It is the holding of the Court that the defendants' motion to dismiss for lack of prosecution is denied. Plaintiff's cross-motion for summary judgment against BBS is granted; accordingly, plaintiff is granted judgment against BBS in the sum of $9,481.50. The motion of defendant Peerless for discovery is denied, and plaintiff's complaint against Peerless is dismissed. Finally, plaintiff's request for pre-judgment interest is denied, and its request for post-judgment interest is granted.