FORMER EMPLOYEES OF J.S. DESIGNERS, INC., PLAINTIFF *v.*
UNITED STATES, DEFENDANT

Court No. 88–07–00537

(Dated July 19, 1989)

DICARLO, *Judge:* In *Former Employees of J.S. Designers, Inc.* v. *United States,* 13 CIT 448, Slip Op. 89–74 (May 31, 1989), the Court ordered the plaintiff to retain an attorney or file a substantive motion *pro se* by July 17, 1989. The Court stated that, upon failure to comply by that date, the action would be subject to dismissal under Rule 41(b)(2) of the Rules of this Court for lack of prosecution.

I

On July 17, 1989, the Court received a letter from the plaintiff seeking to introduce new evidence alleging that foreign imports had adversely affected the manufacture and sale of merchandise produced by J.S. Designers, Inc. This request does not constitute a substantive motion as the Court has no authority to examine evidence beyond that contained in the agency record. 19 U.S.C. § 2312(b) (1982).

## II

The plaintiff's letter also stated that he has not found an attorney, and explained that finding an attorney is like "looking for a 'needle in a haystack.'"

Dismissal under Rule 42(b)(2) of the Rules of this Court is discretionary and is appropriate when there is a failure to comply with orders of the court or a clear pattern of delay. *Former Employees of J.S. Designers*, 13 CIT 449, Slip Op. 89–74 at 2; *United States* v. *B.B.S. Electronics, Int'l, Inc.*, 9 CIT 561, 563, 622 F. Supp. 1089, 1091–92 (1985).

The Court finds that the plaintiff has failed to comply with its order to retain an attorney or proceed *pro se.* The Court also finds that the plaintiff's failure to obtain counsel despite frequent telephone conferences, letters, and orders over the course of one year since the filing of plaintiff's summons and complaint constitutes a clear pattern of delay.

The Court finds it appropriate to dismiss this action under Rule 42(b)(2) of the Rules of this Court for lack of prosecution.