**HIRANPORT COMPANY, Appellant,**

v.

**UNITED STATES TREASURY DEPART-MENT, acting by and through the United States Customs Service, Appellee.**

**Appeal No. 81–14.**

United States Court of Customs and Patent Appeals.

Nov. 19, 1981.

Robert G. Burt, and. David R. Ludwig, Portland, Or., for appellant.

J. Paul McGrath, Asst. Atty. Gen., David M. Cohen, Branch Director, and Sheila N. Ziff, New York City, for appellee.

Before MARKEY, Chief Judge, and RICH, BALDWIN, MILLER and NIES, Judges.

NIES, Judge.

This appeal is from an order of the United States Court of International Trade granting the Government's motion to dismiss for appellant's failure to dispose of this action by trial or otherwise by October 15, 1980, and from the refusal of the court to grant appellant's motion to reinstate the case and extend the time for disposition until March 15, 1981 (or October 15, 1981). Appellant charges the trial court with abuse of its discretion. We affirm.

## OPINION

■ Given that this case was filed on July 7, 1978, that on two previous occasions the court had granted appellant additional time after appellant failed to prosecute,[1] and that the order of the court entered August 4, 1980, in reinstating the case, specifically required that appellant at least be ready for trial by October 15, 1980, we hold that there was no abuse of discretion in the court's denial of appellant's motion for an extension of that date, good cause not having been shown. Appellant's motion for an extension of time was not made until October 15, 1980, and was based solely on the specious ground that additional time was required for the convenience of the Government to answer interrogatories which appellant had not served until October 14, 1980.

■ In its motion for rehearing dated December 30, 1980, appellant gave the explanation that appellant's counsel was unable to serve the interrogatories sooner because of the disruption caused by reorganization of the law firm at the time the order was entered. However, in obtaining the August 4, 1980 order appellant's counsel had represented to the court that the interrogatories were ready for service in June and would have been served but for the dismissal that was entered on June 10, 1980. Appellant's further explanation that counsel did not understand the procedure of the court and was misled in some way by a clerk's response to his inquiry made on October 14, 1980, does not explain appellant's failure to have served the interrogatories in ample time to be ready to proceed to trial as required by the court's order. It was well within the discretion of the trial court to find appellant's motion for rehearing inadequate to justify reinstating the case.

Accordingly, the decision of the Court of International Trade is *affirmed.*

---

1. On appellant's motion, after a 30 day notice of dismissal for failure to prosecute issued on November 8, 1979, discovery was extended until May 1, 1980. Appellant failed to meet that date and did not move for additional time prior thereto. An order of dismissal was entered on June 10, 1980.