**SILVER REED AMERICA, INC. and Silver Seiko, Ltd., Plaintiffs,**

v.

**UNITED STATES, Defendant,**

**Consumer Products Division, SCM Corp., Intervenor.**

**Court No. 80–6–00934.**

United States Court of International Trade.

June 22, 1983.

Arter, Hadden & Hemmendinger, Washington, D.C. (Christopher Dunn, Washington, D.C., of counsel), for plaintiffs.

J. Paul McGrath, Asst. Atty. Gen., Washington, D.C. (David M. Cohen, Director, Commercial Litigation Branch, Washington, D.C., and Velta A. Melnbrencis, Asst. Director, New York City), for defendant.

Eugene L. Stewart and Terrence P. Stewart, Washington, D.C., for intervenor.

On Plaintiffs' Motion Pursuant to Rule 56.1(a) and *Intervenor's Cross-Motion to Dismiss for Failure to Prosecute*

NEWMAN, Judge:

1.

Plaintiffs have instituted this action under section 516A(a)(2) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2),

**1048**

to contest a final antidumping determination by the United States Department of Commerce ("Commerce") covering portable electric typewriters from Japan (45 FR 30618, May 9, 1980).

Presently before the Court are:

Plaintiffs' motion under Rule 56.1(a) of the Rules of the Court of International Trade for an order directing that plaintiffs submit a motion for review upon the agency record of Commerce's determination of sales at less than fair value; intervenor's response to plaintiffs' motion consisting solely of its cross-motion to dismiss the action for failure to prosecute pursuant to Rule 41(b)(2); defendant's response to plaintiffs' motion seeking, with intervenor, that the action be dismissed for lack of prosecution; but alternatively, if the Court denies intervenor's cross-motion, then defendant has no opposition to plaintiffs' motion, provided defendant is allowed at least sixty days to respond to plaintiffs' motion for review upon the agency record.

2.

■ Plaintiffs' summons and complaint were filed on June 6, 1980 and July 3, 1980, respectively; answers were filed by intervenor on August 11, 1980, and by defendant on August 28, 1980. Apparently, the most recent activity in this action was the entry of the Court's order regarding discovery on April 28, 1981. 1 CIT 265 (1981).

Intervenor, with the approval of defendant, contends that the inactivity in this case from April of 1981 to May of 1983, on its face, should persuade this Court to dismiss the action. According to intervenor, in support of its cross-motion, this action should have been dismissed on or before August 31, 1981 by the Clerk of this Court under the provisions of Rule 86 of the Rules of the Court of International Trade. Failing this, intervenor urges that the Court should exercise its discretion under Rule 41(b)(2) to dismiss the action.

However, intervenor's reliance upon Rule 86 is misplaced. By its very terms, dismissal by the Clerk pursuant to Rule 86 is limited to a situation where an action has remained *unassigned, viz:* "At the expiration of the applicable 12-month period an *unassigned* action on the Joined Issue Calendar shall be dismissed for lack of prosecution, and the Clerk shall enter an order of dismissal without further direction from the Court unless a motion is pending." Rule 86(b) of the Rules of the Court of International Trade (emphasis added). But indisputably, this action was, indeed, heretofore assigned to me by order of Chief Judge Re, and clearly, then, the dismissal provisions of Rule 86(b) are not applicable here.

3.

■ The second argument advanced by intervenor for dismissal of this action deserves a more lengthy discussion.

Intervenor cites several authorities to the effect that it is within the Court's discretion to dismiss an action on the sole basis of delay by plaintiff without regard to whether any party has been prejudiced thereby. While there is no doubt that the Court does have such discretion under Rule 41(b)(2), this Court must be persuaded to exercise that discretion. Under all the facts and circumstances here, I have concluded that intervenor's cross-motion should be denied in the interest of justice.

The critical seriousness of granting a motion to involuntarily dismiss a case lies in the obvious fact that a plaintiff is denied its day in court.

As aptly pointed out by plaintiffs in opposition to intervenor's cross-motion to dismiss, the federal courts adhere to the view that dismissal for failure to prosecute is a "severe sanction" to be applied only in extreme situations. *Durham v. Florida East Coast Ry. Co.,* 385 F.2d 366, 368 (5th Cir. 1967); and *Camps v. C & P Tel. Co.,* 692 F.2d 120 (D.C.Cir.1981). In point of fact, the *Durham* Court summarized the case law and observed: "The decided cases, while noting that dismissal is a discretionary matter, have generally permitted it only in the

face of a clear record of delay or contumacious conduct by the plaintiff." 385 F.2d at 368.

It is plain, even from cases relied upon by intervenor, that the courts, in determining whether or not to exercise their discretion to dismiss for failure to prosecute, consider various factors in addition to a mere delay in proceeding. *Hiranport Co. v. United States Treasury Dept.,* 69 CCPA ——, 664 F.2d 284 (1981); *Moore v. Telefon Communications Corp.,* 589 F.2d 959 (9th Cir.1978); and *Messenger v. United States,* 231 F.2d 328 (2d Cir.1956).

While the above cases demonstrate that, in an appropriate situation, the courts will, without more, dismiss upon a showing of unreasonable delay in proceeding, I find that the situation here does not present such circumstance.

Plaintiffs urge that their two-year delay in proceeding is largely justified by their expectation that a decision by our Court of Appeals in the consolidated case of *Brother Industries, Ltd. and Brother International Corporation, et al. v. United States, et al.,* 3 CIT ——, Slip Op. 82–34, 540 F.Supp. 1341 (April 30, 1982), Appeal No. 82–24 filed May 13, 1982 pending, in which these plaintiffs, as well as this intervenor, were parties could render this action moot.*

*Brother* is an exceptionally complicated decision, involving in part, a number of contentions advanced by the very parties here. In sum, this Court's opinion in *Brother* (April 30, 1982) denied all of the contentions advanced by SCM (this intervenor) in the consolidated Actions I and Action II. SCM (intervenor here) has appealed the decision and, among other things, again raised the issue whether deduction of any general selling expenses was permissible in calculating foreign market value.

A major aspect of plaintiffs' case here is their contention that Commerce incorrectly calculated foreign market value by failing to make the proper allowance for differences in circumstances of sale in the home and American markets. Specifically, plaintiffs argue that Commerce erred as a matter of law in limiting the deduction of home market general selling expenses.

An issue in *Brother* was whether *any* general selling expenses were deductible from home market price, while in the instant case the question is whether Commerce may *limit* deductions of general selling expenses. The latter question is subsumed by the former for, if the Court of Appeals holds that no general selling expenses are deductible, then there would be no such deduction to limit. Hence, the issue of the limitation of the deduction in the present case could be mooted.

Significantly, the plaintiffs have now gone forward in the instant action by moving under Rule 56.1. Arguably, plaintiffs should have previously sought a stay of these proceedings pending a decision in the *Brother* case, as suggested by intervenor. Nevertheless, plaintiffs did not act in a total disregard as was the situation in the cases submitted by intervenor. Absent some showing of prejudice to defendant or to intervenor, and under all the circumstances, justice requires that plaintiffs shall not be deprived of their day in court.

Importantly, too, intervenor moved to dismiss only after plaintiffs tangibly showed their intentions to actually proceed. Intervenors certainly had the opportunity, prior to plaintiffs' submission of their current motion, to complain—or act—about the delay in proceeding. Now that plaintiffs have gone forward and are proceeding, absent any showing of prejudice, dismissal of this action is unwarranted.

In light of the foregoing, intervenor's cross-motion to dismiss is hereby denied.

4.

■ We turn to plaintiffs' motion for an order pursuant to Rule 56.1(a) directing a

---

* Interestingly, on June 28, 1982 this Court granted a stay of its April, 1982 decision, upon SCM's request (this intervenor), pending resolution of the *Brother* appeal.

motion for submission upon the agency record.

This action, having been brought to review a final antidumping determination under section 1516a(a)(2) of the Tariff Act of 1930, as amended, is properly reviewable upon the agency record in accordance with Rule 56.1. *See:* 28 U.S.C. § 2640(b); 19 U.S.C. 1516a(b). Consequently, plaintiffs' application is granted, and plaintiffs are hereby directed to file· their motion for review upon the agency record within five days of the entry of this order.

Further, it is ordered that defendant and intervenor shall have sixty days from service of plaintiffs' motion to respond.