**UNITED STATES, Plaintiff,**

v.

**JOAN AND DAVID HELPERN COMPANY, INC., Defendant.**

**Court No. 83–7–00969.**

United States Court of International Trade.

June 17, 1985.

---

Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civil Div., Dept. of Justice, A. David Lafer, Washington, D.C., for plaintiff.

Gaston Snow & Ely Bartlett, Robert D. Canty and Daniel J. Lyne, Boston, Mass., for defendant.

*Memorandum Opinion and Order*
FORD, Judge:

The United States instituted this action against defendant Joan and David Helpern Company, Inc., for alleged violations of 19 U.S.C. § 1592. Before the Court is defendant's motion for summary judgment under Rule 56(b) of the Rules of this Court. Defendant alleges the Government's delay in initiating this action violates both the requirements of due process and the specific directive of 19 U.S.C. § 1604. In the alternative, defendant moves for dismissal with prejudice under Rule 41(b)(2) for the Government's failure to prosecute with due diligence. The Government opposes both motions in all respects. Jurisdiction is pursuant to 28 U.S.C. § 1582.

Defendant is a Massachusetts corporation doing business as a wholesaler of footwear. Between October 2 and November 29, 1978, defendant, through its customs broker, imported boots from Italy under eleven customs consumption entries at the Port of Boston. The Government filed this action on July 21, 1983, alleging the entries involved constitute violations of Section 592 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1592.

As noted above, the entries at issue were made in October and November of 1978. Upon arrival of the merchandise at the Port of Boston, defendant's customs broker paid the freight charges and prepared the consumption entry forms based on the documentation accompanying the shipment. Duty was paid on the merchandise as entered, and the boots were shipped to defendant's place of business. Soon thereafter, the Customs Service requested a sample of the merchandise, which defendant promptly forwarded.

On August 15, 1979, defendant was issued a Prepenalty Notice demanding $18,400.00 in loss of revenues and $73,601.92 in damages for fraud in the importation of the merchandise. It is alleged the entries were false and material in that they stated the merchandise was footwear having uppers of which over 90 percent were rubber or "plastic, other" with a duty rate of 6 percent. In fact, the uppers were less than 90 percent rubber or "plastic, other" and the applicable duty rate was 20 percent, resulting in an actual loss of $678.58 in duties. On February 11, 1980, defendant was served with formal Notice of Penalty in the above amounts. Defendant filed a request for mitigation on February 20, 1980.

In May of 1980, Customs again issued a Prepenalty Notice to defendant. Defendant waived all notice periods and sought consideration of its request for mitigation. On October 21, 1980, the request was denied and payment was demanded.

On March 10, 1981, the United States instituted an action against defendant under 19 U.S.C. § 1592 in U.S. District Court in Boston. Two days later the action was voluntarily dismissed by reason of this Court's exclusive jurisdiction of actions brought under 19 U.S.C. § 1592.

Some fifteen months later, in May of 1982, defendant received customs invoices totaling $17,721.90. As this figure corresponded with the loss of revenue claimed by Customs, defendant offered to make payment on the condition of full satisfaction of the claim. On July 14, 1982, defendant was notified by its surety of a demand by the Government for payment of $17,721.90. Defendant informed the surety the matter was being contested. The Government withdrew its demand and notified defendant that a new complaint would be issued.

One year later, on July 21, 1983, the present action was filed. The Government moved to amend its complaint on August 3, 1983. Defendant moved for an extension of time to September 5, 1983 to file its answer. Defendant served its answer on September 2, 1983. However, due to either clerical or mailing error, the answer was not recorded by the Court at that time.

On January 16, 1984, an Offer in Compromise was submitted to the Government by defendant. In October of 1984, defendant was notified its answer had not been recorded by the Court.[1] On November 27, 1984, defendant's motion to record its answer effective September 2, 1983, was granted. Defendant's Offer in Compromise was rejected by the Government on February 13, 1985, at which time the Government served defendant a Request for Production of Documents. Defendant filed the motions presently before the Court on March 7, 1985.

Defendant's motion for summary judgment cites 19 U.S.C. § 1604, the relevant part of which reads:

---

**1.** This fact was brought to the attention of the Government attorney by the Court, who in turn notified counsel for the defendant.

It shall be the duty of the Attorney General of the United States immediately to inquire into the facts of cases reported to him by customs officers and the laws applicable thereto, and if it appears probable that any fine, penalty or forfeiture has been incurred by reason of such violation ... forthwith to cause the proper proceeding to be commenced and prosecuted, without delay, for the recovery of such fine, penalty or forfeiture ...

Defendant's alternative request for relief is dismissal under Rule 41(b)(2) of the Rules of this Court, which provides:

(b) ...

(2) Whenever it appears that an assigned action is not being prosecuted with due diligence, the court may upon its own initiative after notice, or upon motion of a defendant, order the action dismissed for lack of prosecution.

The crux of defendant's alternate claims for relief centers on the Customs Service delay in processing the penalty claim at the administrative level, which together with the Government's inaction in prosecuting this action, allegedly amounts to material prejudice requiring this lawsuit be dismissed. Of initial concern is defendant's motion for summary judgment under Rule 56(b). The law is well-settled that summary judgment may not be granted if any genuine issue of fact exists between the litigants. *Golding Bros. v. United States*, 6 CIT ——, Slip Op. 83–89 (1983); *S.S. Kresge Co. v. United States*, 77 Cust.Ct. 154, C.R.D. 76–6 (1976). The burden of proof in establishing the lack of a triable issue is upon the moving party. *Symphonic Electronics Corp. v. United States*, 77 Cust.Ct. 147, C.R.D. 76–5 (1976); *Gimbel Bros. v. United States*, 73 Cust.Ct. 223, C.R.D. 74–8 (1974). This burden requires the moving party to clearly establish the lack of disputed facts.

■ The chronology of events previously noted herein is not in dispute. However, the substantive issue in this case has yet to be either heard by the Court or briefed by the parties. The statute of limitations governing the commencement of actions brought pursuant to 19 U.S.C. § 1592 is 19 U.S.C. § 1621, which affords the Government five years from the discovery or commission of a violation to commence suit. This case was commenced within that period, and as the action is not time-barred, triable issues of fact remain before the Court and this matter is thus not ripe for summary judgment. Defendant's motion for summary judgment must, therefore, be denied.

Of far greater concern to the Court is defendant's motion to dismiss with prejudice under Rule 41(b)(2). The basis for this motion is similar to defendant's claim in its motion for summary judgment. It is alleged the extraordinary length of time between the entry of defendant's merchandise and the prosecution of this action has so materially prejudiced defendant's position to warrant dismissal.

Defendant offers several instances which, it alleges, support its contention of detrimental prejudice. Defendant's original attorney in this case, as well as the person who handled the entries at defendant's customs broker, have passed away in the intervening period. Defendant's comptroller and chief financial investigator has since retired, and discussions with him have not yielded the fact-specific information required to properly prepare a defense in this action. Defendant notes neither its request for mitigation nor its Offer of Compromise were responded to by the Government in a meaningful manner, the net effect of which was to lull defendant into a belief that no further steps need be taken at any given time. In sum, defendant claims it has been estopped by the passage of time from being able to fully defend this action.

■ In *United States v. Eight Thousand Eight Hundred and Fifty Dollars ($8,850) in United States Currency*, 461 U.S. 555, 103 S.Ct. 2005, 76 L.Ed.2d 143 (1983), the Supreme Court reiterated the balancing test of *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), for determining when governmental

delay has abridged the right to a speedy trial. The four factors to be weighed under that test are length of delay, reason for the delay, defendant's assertion of its right, and prejudice to the defendant. That case, however, involved a forfeiture proceeding and relates solely to those situations where there has been a seizure of property. The Supreme Court held the above test was appropriate in determining whether an individual's due process rights have been violated. In the case at bar, the merchandise was not seized or detained. In fact, the merchandise involved herein has already entered the flow of commerce. Therefore, the test in *$8,850* (supra) is inapplicable to the present situation. A similar determination has previously been made by this Court in *United States v. Murray*, 5 CIT 102 (1983).

The primary rationale underlying a dismissal under Rule 41(b) is the failure of plaintiff in his duty to process his case diligently. *Lyell Theatre Corp. v. Lowes Corp.*, 682 F.2d 37 (2nd Cir.1982); *Messenger v. United States*, 231 F.2d 328 (2nd Cir.1956). This duty is imposed because of the strong policy favoring prompt disposition of cases. Prejudice to defendants resulting from unreasonable delay may be presumed. *Citizens Utilities v. American Telephone & Telegraph Co.*, 595 F.2d 1171 (9th Cir.1979), cert. denied, 444 U.S. 931, 100 S.Ct. 273, 62 L.Ed.2d 188 (1979).

It has been more than six and one-half years since the merchandise at issue was entered. The Court recognizes the Customs Service has been faced with personnel limitations while at the same time processing record, and ever-increasing, numbers of imports into this country. The Court is similarly aware that the present action, instituted in 1983, has since been re-assigned to three different Government attorneys.

Dismissal with prejudice for failure to prosecute is a drastic sanction which should be sparingly exercised. *Welsh v. Automatic Poultry Feeder Co.*, 439 F.2d 95 (8th Cir.1971). Such a remedy should be granted only in cases in which there is a clear pattern of delay or contumacious conduct by the plaintiff. *Navarro v. Chief of Police, Des Moines, Iowa*, 523 F.2d 214 (8th Cir.1975). In the present case, the parties, together with the administrative agency, share in the responsibility for the prolonged proceedings. The prejudice claimed by defendant, however, may or may not prove to be significant at such time this matter is tried on the merits. Therefore, the Court will deny defendant's motion to dismiss at this time, but will permit defendant leave to re-submit its motion after trial. In consideration of all the foregoing, judgment will be entered accordingly.