**ILWU LOCAL 142, Plaintiff,**

v.

**Raymond J. DONOVAN, Secretary of Labor, United States of America, Defendant.**

**Court No. 83-5-00779.**

United States Court of International Trade.

Jan. 28, 1988.

King, Nakamura & Chun–Hoon, James A. King, for plaintiff.

Richard K. Willard, Asst. Atty. Gen., and David M. Cohen, Director, Commercial Litigation Branch (A. David Lafer, on the motion), for defendant.

## MEMORANDUM OPINION AND ORDER

RE, Chief Judge:

Pursuant to Rule 56.1 of the rules of the court, plaintiff has moved for an order directing that judgment in this action be entered in its favor upon the agency record.

In response to plaintiff's motion, defendant moved for an order remanding this action to the Department of Labor for a period of 60 days, pursuant to Rule 1 of the rules of the court. Plaintiff has cross-moved for denial of defendant's motion for remand, and submits that the court render judgment upon the record now before it.

In *ILWU Local 142 v. Donovan*, 9 CIT 620 (1985), plaintiff, on behalf of former employees of the Puna Sugar Company, challenged the Secretary of Labor's denial of certification of eligibility for benefits under the trade adjustment assistance program of the Trade Act of 1974, tit. II, §§ 221–249, 284, 19 U.S.C. §§ 2271–2321, 2395 (1982). 9 CIT at 620. The court held that the Secretary's determination that increases in raw sugar imports did not con-tribute importantly to the workers' separation from employment was not supported by substantial evidence contained in the record, and was not in accordance with law. *Id.* On plaintiff's motion, the court vacated the Secretary's determination, and remanded the case to the Secretary for a redetermination of eligibility for trade adjustment assistance benefits. *Id.* at 625–26.

Contending that the court failed to consider several issues raised in defendant's opposition to plaintiff's motion, the defendant moved for a rehearing. *ILWU Local 142 v. Donovan*, 10 CIT ——, Slip Op. 86–28, at 2 (Mar. 13, 1986). After due consideration, the court held that the defendant had not satisfied the requirements for the granting of a rehearing and denied the defendant's motion. *ILWU Local 142 v. Donovan*, 10 CIT ——, Slip Op. 86–28, at 12. In its motion for a rehearing, the defendant urged the contention or argument which is now the subject of its motion for remand. In essence, the defendant justified the Secretary's denial of benefits under the trade adjustment assistance program, 19 U.S.C. §§ 2271–2321 (1982), because of its finding or conclusion that the 1981 increase in imports of raw sugar was ultimately exported under the government's drawback program. Slip Op. 86–28, at 2–3; *see* 19 U.S.C. § 1313 (1982). In customs law, a drawback is a repayment of duties paid upon goods previously imported into the United States and used in the manufacture or production of articles which are then exported. *See Nicholas & Co. v. United States*, 7 Ct.Cust.App. 97, 110 (1916), *aff'd*, 249 U.S. 34, 39 S.Ct. 218, 63 L.Ed. 461 (1919).

Under the drawback program, the full amount, less 1 percent, of the import duties paid for merchandise used in the manufacture or production of goods exported, is refunded. Hence, the defendant concluded that the imported raw sugar was simply being refined in the United States and then exported, thus having no effect on the domestic production of raw sugar. On judicial review, however, this court held that the Secretary, in effect, had done no more

than to present certain data on the drawback program without having evaluated it or explained its relevance to the Secretary's determination. *ILWU Local 142 v. Donovan*, 10 CIT ——, Slip Op. 86–28, at 11.

After having denied the defendant's motion for rehearing, the court remanded the case to the Secretary for a redetermination of the question of the certification of eligibility. In compliance with the court's order, the Secretary conducted a further investigation, and submitted a redetermination. The Secretary also submitted a supplemental administrative record, together with a copy of the Notice of Further Determination which reaffirmed the initial denial of certification of the former employees of the Puna Sugar Company. 51 Fed.Reg. 18,388 (1986). The Secretary, however, all but abandoned an earlier emphasis on the availability of High Fructose Corn Syrup (HFCS) as a more important cause of worker separations than raw sugar imports. *See id.; see also ILWU Local 142 v. Donovan*, 9 CIT at 624–25. (Secretary's emphasis on HFCS as more important cause of worker separation not supported by evidence). The Secretary's redetermination focused instead on the drawback argument.

In response to the Secretary's redetermination, on remand, the plaintiff moved for judgment upon the agency record, contending, that defendant's reliance on the drawback program, was unfounded. Defendant responded to plaintiff's motion by cross-moving for a remand.

■ The court is empowered to review a decision by the Secretary which denies certification of eligibility for trade adjustment assistance benefits to assure that the determination is supported by substantial evidence, and is in accordance with law. 19 U.S.C. § 2395(c) (1982). After careful review of the administrative record and of the briefs of the parties, the court again remands the action to the Secretary for further proceedings in accordance with this opinion.

For the Secretary to certify a petitioning group of workers as eligible, his investigation must disclose, among other things:

(3) that increases of imports of articles like or directly competitive with articles produced by such workers' firm or an appropriate subdivision thereof contributed importantly to such total or partial separation, or threat thereof, and to such decline in sales or production.

19 U.S.C. § 2272(3) (Supp.III 1985).

In *ILWU v. Donovan*, 9 CIT 620, the court vacated the determination of the Secretary of Labor and remanded the case to the Secretary for a thorough inquiry, and redetermination. In remanding the case, the court stated, "[s]ince the Secretary may wish to take additional evidence on matters pertaining to the workers' petition, it is noted that 'the Secretary's latitude on remand extends to the full scope of his function under the Act.'" 9 CIT at 625–26 (quoting *International Union v. Marshall*, 584 F.2d 390, 396 (D.C.Cir.1978)).

After reviewing the workers' petition on remand, the Secretary redetermined that the petition should be denied. The redetermination issued by the Secretary, however, abandoned the earlier emphasis on the increased use of HFCS, and focused instead on the effect of the government's drawback program on the increased importation of raw sugar in 1981 and the separation of workers from employment. Conceding that reconsideration is within the Secretary's authority on remand, the plaintiff does not dispute the use of a new rationale.

Although the plaintiff does not dispute the right of the Secretary to submit a new rationale to explain the denial of certification for assistance benefits, it denies completely the merit or efficacy of the argument, characterizing it in its brief as "esoteric" and "fanciful." Plaintiff, calls the court's attention to a fundamental flaw, which, if left unexplained renders nugatory the defendant's drawback argument. In essence, the plaintiff notes that the sugar drawback claims filed in 1981, the year in which plaintiff contends that increased sugar imports caused the workers at Puna Sugar Company to lose their jobs, were almost exclusively related to imports of raw sugar during the years 1978 and 1979, not 1981. Therefore, plaintiff contends

that the Secretary is merely speculating on the reasons which caused or underlie the increased imports in 1981. Although it is possible that the increase may have been caused by a continued desire on the part of companies to take advantage of the drawback program, there may indeed have been other causes or explanations. The memorandum prepared by the Office of Trade Adjustment Assistance, upon which the Secretary relied in making the redetermination to deny assistance, provides inadequate data or evidence to support the Secretary's conclusion. Simply stated, it is unclear from the redetermination whether the increased imports in 1981 were either caused by or in response to the drawback program.

In its motion for remand, the defendant acknowledges that the drawback argument is not supported by substantial evidence in the administrative record, and candidly admits that there is no concrete data to demonstrate that increased imports in 1981 were in fact exported. The defendant indicates that the requested remand would permit the office of Trade Adjustment Assistance to investigate further the drawback question raised. The defendant also submits that, as part of the investigation, the Department of Labor would seek to obtain from the Customs Service, information and data on drawback from 1981 importations of raw sugar, which would be included in the administrative record.

It is pertinent to note that the defendant's request for remand is made pursuant to Rule 1 of the rules of the court. Rule 1 states that the rules of the court "shall be construed to secure the just, speedy, and inexpensive determination of every action." Since the data that the defendant seeks to procure on remand may be essential to the just resolution of this case, the defendant's motion should be granted. Furthermore, pursuant to the Customs Courts Act of 1980, if the court is unable to determine the correct decision of a case on the basis of the evidence presented, it may order "such further administrative or adjudicative procedures as the court considers necessary to enable it to reach the correct decision." 28 U.S.C. § 2643(b) (1982). In *Jarvis Clark*

*Co. v. United States*, 733 F.2d 873 (Fed.Cir. 1984), the court held that this section of the United States Code mandated that "the court reach a correct decision in every case" either by remanding it for further proceedings, conducting its own hearing, or examining "the law and the tariff schedules on its own initiative...." 733 F.2d at 878.

Judicial authority supports the granting of a request for remand if it fosters and promotes fundamental fairness. *See, e.g., Roquette Freres v. United States*, 6 CIT 42 (1983) [Available on WESTLAW, 1983 WL 2218]. In *Roquette Freres*, the court granted a defendant's motion for remand to the International Trade Commission, noting that it "would be an intolerable miscarriage of justice and a blemish upon the review process of administrative determinations" to allow judicial review on an administrative record which lacked information that should have been included. 6 CIT at 43.

A motion for a remand of this type is not granted lightly and without serious consideration. As the history of this case reveals, this is not the first time the case has been remanded, and years have passed since plaintiff first filed its petition for trade adjustment assistance benefits under section 221(a) of the Trade Act of 1974. The Supreme Court has cautioned that, to justify a remand because of newly discovered evidence or similar grounds, a showing should be made that the necessity for the remand has not been caused by the applicant's lack of due diligence. *See Toledo Scale Co. v. Computing Scale Co.*, 261 U.S. 399, 424-25, 43 S.Ct. 458, 464-65, 67 L.Ed. 719 (1923). In this case, the court has concluded that considerations of fundamental fairness dictate that this action be remanded in order to provide for its just determination.

In its decision, the court has considered the factors and circumstances which are relevant to the motion to remand, and expresses no opinion on the contentions of the plaintiff which pertain to the merits of the questions presented.

For the foregoing reasons, it is

ORDERED that plaintiff's motion for judgment upon the agency record, is denied. It is also

ORDERED that defendant's motion for remand, is granted.

It is also

ORDERED that the case is remanded to the Department of Labor with instructions that it conduct and complete its investigation of exports of refined sugar under the drawback program, 19 U.S.C. § 1313, as required by the issues raised in this case. It is also

ORDERED that the Secretary shall certify the record and report to the court the results of the further proceedings within 60 days from the date of the entry of this opinion and order. It is also

ORDERED that plaintiff's cross-motion for denial of defendant's motion for remand, is denied.