A. HIRSH, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT, AND U.S. PAINT BRUSH MANUFACTURERS AND SUPPLIERS AD HOC IMPORT ACTION COALITION, INTERVENOR-DEFENDANT

Court No. 86–03–00331

MEMORANDUM

(Decided August 3, 1988)

*James A. Resti* and *Fell & Spalding (David B. Hirsh)* for the plaintiff.

*John R. Bolton,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice *(Sheila N. Ziff)* for the defendant.

*Robins, Zelle, Larson & Kaplan (Pamela M. Deese)* for the intervenor-defendant.

AQUILINO, *Judge:* In this action seeking judicial review of an antidumping-duty order, plaintiff's continued failure to adhere to its own proposed schedule for presentment of its claims has engendered a renewed motion to dismiss for lack of prosecution thereof. Justice favors grant of the motion in view of the following facts and circumstances:

The action was commenced in March 1986, whereupon issue was joined and the records of administrative proceedings before the International Trade Administration, U.S. Department of Commerce and the International Trade Commission were duly filed in June 1986. Thereafter, the court held a scheduling conference pursuant to CIT Rule 16(b) and, after conferring with both sides, entered an order providing that the plaintiff have 60 days from the date of receipt of the agency records to serve and file a dispositive motion. By the time of that order, the plaintiff had interposed a motion for access to the confidential information contained in those records on the part of both its lead, outside counsel and its inside, general counsel. Access to that information was granted outside counsel per a protective order dated December 1, 1986,[1] which directed that the information be released to him within five days.

Subsequent to issuance of slip op. 87–35, resolving the motion for access to the confidential information, and also after grant of a motion by the U.S. Paint Brush Manufacturers and Suppliers Ad Hoc Import Action Coalition to intervene as a party defendant, the court deemed it appropriate to hold a second scheduling conference among the parties (on May 11, 1987). It was apparent that the plaintiff had hardly sought to comply with the original scheduling order dated October 14, 1986, whereupon a second such order was entered, directing counsel for the plaintiff to serve and file a dispositive motion on or before July 15, 1987.

---

[1] The defendant opposed permitting the same access to inside counsel. The court concluded that this position was well-taken and thus denied that part of plaintiff's motion seeking such access in slip op. 87–35, 11 CIT ——, 657 F.Supp. 1297 (1987).

On July 13th, the court received a motion from the plaintiff to extend its deadline until September 15, 1987 upon a representation that

    counsel's firm was dissolved during the last few months and counsel is in the process of moving his offices to another location, all of which has caused demands on counsel's time and limited counsel's resources.

The motion was granted, and another amended scheduling order was entered.

The plaintiff did not meet its deadline. On October 16, 1987, the defendant stated that it was "constrained to file" a motion to dismiss for lack of prosecution upon representations that its counsel had stated to the plaintiff on or about September 23rd that it had no objection to the filing of a motion for another 60-day extension of time, but that some three weeks thereafter neither in- nor out-side counsel for the plaintiff was available to explain the failure to make such a motion, and that the documents available under the protective order almost a year earlier had not even been examined. Lead counsel responded—late—with a cross-motion to allow additional time to file plaintiff's dispositive motion, again claiming that dissolution of his law firm had hampered his ability to complete such a motion. The cross-motion sought an extension until January 22, 1988. In granting that cross-motion, while denying defendant's motion to dismiss, the court extended plaintiff's time even further—until February 22nd.

On February 24, 1988, the court received yet another motion to extend plaintiff's time (until March 14, 1988) on the ground that counsel had just received a copy of the court's last order. The papers indicated that plaintiff's dispositive motion was "substantially complete" and implied that it would be served and filed by the requested new deadline. To date, no such motion has been received by the court.

    *       *       *       *       *       *       *

On June 22, 1988, the intervenor-defendant filed a renewed motion to dismiss for lack of prosecution. The defendant joins in the motion. The time for the plaintiff to respond has run—without any response.

The motion to dismiss is made pursuant to CIT Rule 41(b), which provides, in pertinent part:

    Involuntary Dismissal—Effect Thereof.

    * * *(2) Whenever it appears that an action is not being prosecuted with due dilligence, the court may upon its own initiative after notice, or upon motion of a defendant, order the action dismissed for lack of prosecution.

    (3) For failure of the plaintiff to comply with these rules or with any order of the court, a defendant may move that the action be dismissed.

    (4) A dismissal under this subdivision (b) operates as a dismissal upon the merits, unless the court otherwise directs.

Dismissal under this rule is discretionary. *United States* v. *B.B.S. Electronics International Inc.,* 9 CIT 561, 563, 622 F. Supp. 1089, 1091 (1985), citing *Silver Reed America, Inc.* v. *United States,* 5 CIT 279, 280, 565 F.Supp. 1047, 1048 (1983). The primary rationale underlying such a dismissal is the failure of a plaintiff to live up to its duty to pursue its case diligently. *United States* v. *Joan and David Helpern Co.,* 9 CIT 275, 278, 611 F.Supp. 985, 989 (1985), citing *Lyell Theatre Corp.* v. *Loews Corp.,* 682 F.2d 37 (2d Cir. 1982), and *Messenger* v. *United States,* 231 F.2d 328 (2d Cir. 1956). Dismissal with prejudice for failure to prosecute is a drastic sanction, which therefore should be imposed sparingly. *Id.,* 9 CIT at 279, 611 F.Supp. at 989. As the court in *B.B.S. Electronics* has stated:

> * * * In general terms, it may be said that the Court will not dismiss an action in the absence of a showing of a clear pattern of delay, contumacious conduct, or failure to comply with orders of the Court. 9 CIT at 563, 622 F.Supp. at 1092.

There has been no contumacious conduct in this action, but, unfortunately, these proceedings, as outlined above, show a clear pattern of delay and a failure to comply with the rules and orders of the court. Indeed, the plaintiff has defaulted on intervenor-defendant's instant motion to dismiss, while also not living up to the indication in its February 1988 motion that a dispositive move was imminent on its part.[2] The court is thus left with little alternative but to deny any further extension of time and to grant the motion to dismiss.

Judgment will enter accordingly.

---

[2]Of course, expedition is most necessary in an action like the one at bar, which has been brought pursuant to 19 U.S.C. § 1516a and 28 U.S.C. § 1581(c).