FORMER EMPLOYEES OF J.S. DESIGNERS, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 88-07-00537

(Decided May 31, 1989)

DiCARLO, *Judge:* The trade adjustment assistance statute has remedial purposes of assisting and retraining workers who are totally or partially separated from their employment by reason of increased imports. The purposes of the statute are not served by long litigation delays in the Court of International Trade when an action is filed under 28 U.S.C. § 1581(d) (1982) to contest the Secretary of Labor's denial of certification of eligibility for adjustment assistance benefits.

The Court has frequently urged the plaintiff in telephone conferences, letters, and orders to obtain an attorney or proceed with the action *pro se.* If the plaintiff fails to obtain an attorney or file a substantive motion *pro se* by July 17, 1989, this action is subject to dismissal for lack of prosecution under Rule 41(b)(2) of the Rules of this Court.

The Court imposes this duty upon the plaintiff to proceed with its action because of the strong policy favoring prompt disposition of cases. *United States* v. *Joan & David Helpern Co., Inc.,* 9 CIT 275, 278, 611 F. Supp. 985, 989 (1985). Dismissal under Rule 42(b)(2) of the Rules of this Court is discretionary and an action will generally not be dismissed in the absence of a clear pattern of delay, contumacious conduct, or failure to comply with orders of the court. *United States* v. *B.B.S. Electronics Int'l. Inc.,* 9 CIT 561, 563, 622 F. Supp. 1089, 1091–92 (1985). The Court finds in this action that there is a clear pattern of delay and that one year provides more than ample time to locate an attorney.