ILWU Local 142, plaintiff *v.* Raymond J. Donovan, Secretary of Labor and United States, defendants

Court No. 83–05–00779

(Decided November 20, 1991)

*King, Nakamura & Chun-Hoon (James A. King)*, for plaintiff.
*Stuart M. Gerson*, Assistant Attorney General, *David M. Cohen*, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, (*A.David Lafer*), for defendant.

### MEMORANDUM OPINION

DiCarlo, *Judge*: Plaintiff, on behalf of former employees of the Puna Sugar Company, Ltd., challenges the Department of Labor's denial of

certification for trade adjustment assistance benefits under 19 U.S.C. § 2272 (1988). This court has jurisdiction under 19 U.S.C. § 2395 (1988) and 28 U.S.C. § 1581 (d) (1) (1988). Defendant moves to dismiss for lack of prosecution. Defendant's motion is granted.

### BACKGROUND

Plaintiff commenced this action on May 27, 1983 contesting Labor's denial of certification issued March 24, 1983. The court remanded the action to Labor in *ILWU Local 142 v. Donovan*, 9 CIT 620 (1985), and denied Labor's motion for rehearing in *ILWU Local 142 v. Donovan*, 10 CIT 161 (1986). The court again remanded the action to Labor in *ILWU Local 142 v. Donovan*, 12 CIT 87, 678 F. Supp. 307 (1988). The results of the second remand were filed with the court on April 14, 1988. In a letter to the Clerk of the Court dated July 25, 1988, plaintiff stated it intended to file a Rule 56.1 motion contesting the results of the second remand sometime in October 1988.

The action was assigned to this Court on April 12, 1991. Noting that plaintiff had not filed its 56.1 motion or taken any other action for three years, and believing plaintiff may have relinquished its challenge, the Court requested the parties to inform the Court of the status of the action. In a letter dated May 13, 1991, plaintiff stated that it intended to file a Rule 56.1 motion contesting the results of the second remand.

On June 13, 1991, the Court held a telephone conference to ascertain why plaintiff had not diligently prosecuted its case. In response to the Court's inquiry, plaintiff stated it "felt the same sort of thing [a remand to Labor] might happen all over again." Labor stated it would file a motion to dismiss pursuant to Rule 41(b)(2) of the Rules of this Court. Since the workers were separated between 1982 and 1984, the Court told plaintiff to determine how many workers were still in need of trade adjustment assistance benefits.

### ANALYSIS

Rule 41(b)(2) of the Rules of this Court states:

> Whenever it appears that an action is not being prosecuted with due diligence, the court may upon its own initiative after notice, or upon motion of a defendant, order the action dismissed for lack of prosecution.

Interpreting an almost identical version of the rule, the Court of Customs and Patent Appeals stated "'[e]very court has the inherent power, in the exercise of a sound judicial discretion, to dismiss a cause for want of prosecution. The duty rests upon the plaintiff to use diligence and to expedite his case to a final determination.'" *United States v. Chas. Kurz Co.*, 55 CCPA 107, 110, C.A.D. 941, 396 F.2d 1013, 1016 (1968) (citations omitted).

The issues are whether plaintiff prosecuted the action with due diligence in challenging the results of the second remand and, if not, whether the Court should exercise its discretion to dismiss the action.

Plaintiff offers the following explanation for why it has taken no action in this case for three years:

> Is it any wonder why counsel for plaintiff became disheartened and doubtful, however meritorious his arguments might be, that the battle with as resourceful a chameleon as the Agency had shown itself to be could ever be successful? Actually, by hindsight, counsel is aware that he should not have let his hopes for rational and prompt relief be so dashed, but should have continued to rely on the court as the ultimate protector of the litigants before it and source of justice even though its wheels sometimes might seem to grind exceedingly slow.

Opposition Of Plaintiff ILWU Local 142 To Defendant's Motion To Dismiss For Lack Of Prosecution at 5–6. Plaintiff admits it did not proceed with due diligence and concedes that it did not intend to prosecute the action with due diligence. Under circumstances in which three years have elapsed, the court finds plaintiff consciously decided not to diligently proceed. In addition, plaintiff has not shown whether the workers are still in need of assistance.

The cases relied upon by plaintiff do not support its position that the circumstances do not warrant dismissal. Plaintiff has not even claimed that the delay was caused by ongoing settlement negotiations, *United States v. BBS Elec. Int'l, Inc.* 9 CIT 561, 563, 622 F. Supp. 1089, 1092 (1985), a change of counsel or that both parties prolonged the proceedings, *United States v. Joan & David Helpern Co.*, 9 CIT 275, 279, 611 F. Supp. 985, 989 (1985), pending appellate decisions, *Silver Reed America, Inc. v. United States*, 5 CIT 279, 281, 565 F. Supp. 1047, 1049 (1983), *rev'd on other grounds sub nom. Consumer Products Div., SCM Corp. v. Silver Reed America, Inc.*, 3 Fed. Cir. (T) 83, 753 F.2d 1033 (1985), or any other circumstances which might warrant a favorable exercise of discretion. In the absence of any reasonable justification for the three-year delay, the Court, in its discretion, grants defendant's motion.

## CONCLUSION

Plaintiff made a conscious decision not to prosecute the action with due diligence. The Court, in its discretion, grants defendant's motion to dismiss for lack of prosecution.