HAMIL TEXTILES, U.S.A. AND HAMIL TEXTILES, LTD., ET AL., PLAINTIFFS *v.*
UNITED STATES, DEFENDANT

Court No. 88–04–00307, etc.

Susp. Disp. File 88–08–00655

(Dated August 10, 1994)

*Wasserman, Schneider & Babb (Bernard J. Babb),* for plaintiffs.
*Frank W. Hunger,* Assistant Attorney General; *Joseph I. Liebman,* Attorney-in-Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice *(Susan Burnett Mansfield),* for defendant.

## MEMORANDUM AND ORDER

GOLDBERG, *Judge:* This matter is before the Court on plaintiffs' motion for an extension of time in which the above-captioned civil actions may remain in Suspension Disposition File No. 88–08–00655. Defendant objects, and cross-moves to dismiss these cases for lack of prosecution. The Court exercises its jurisdiction pursuant to 28 U.S.C. § 1581(a) (1988).

## BACKGROUND

By order dated January 15, 1991, Court No. 88–08–00655 was designated a test case with the following actions suspended under it: Court Nos. 88–04–00307; 88–06–00403; 88–09–00721; 88–10–00750; 88–10–00785; 88–11–00858; 89–03–00134; 89–05–00270; 89–07–00416; 89–10–00586; 90–07–00327. By further order of this Court dated August 17, 1992, Court No. 91–07–00509 was also placed on the Suspension Disposition Calendar in Suspension Disposition File No. 88–08–00655. The test case was decided on April 16, 1993, via a stipulated judgment on agreed statement of facts submitted by the parties. This stipulated judgment became final on June 16, 1993.

By order dated July 9, 1993, plaintiffs were afforded four months within which to remove the twelve suspended actions from the Suspension Disposition Calendar. In order to resolve these cases, plaintiffs needed to submit to the government: (1) proof of pre-existing United States orders for the subject merchandise; (2) evidence of the price paid by plaintiffs to the manufacturer for such pre-existing orders; (3) information about assists, or showing that no assists were provided; and (4) to the extent plaintiffs claimed that any assists were nondutiable international freight expenses, evidence to support such a claim. On November 9, 1993, plaintiffs filed a motion for an extension of time in which the twelve suspended actions might remain in Suspension Disposition File No. 88–08–00655. In responding to plaintiffs' motion, the government noted that as of November 9, 1993, it had not yet received *any* of the requisite information from plaintiffs. The government did not

object to plaintiffs' motion, however, but instead deferred to the Court's discretion.

In a sharply worded order[1] dated November 18, 1993, the Court directed that the twelve suspended actions would remain on the Suspension Disposition Calendar in Suspension Disposition File No. 88–08–00655 until February 15, 1994. The Court's order specifically stated that "NO FURTHER EXTENSIONS WILL BE GRANTED."

By letter dated December 6, 1993, plaintiffs submitted to government counsel an affidavit in support of plaintiffs' position in these cases. By letter dated January 18, 1994, government counsel apprised plaintiffs of the government's concerns, and specified what information the government required in order to resolve these cases.

On February 15, 1994, plaintiffs filed a motion for an extension of time. Plaintiffs requested that the twelve suspended actions be removed from the Suspension Disposition Calendar to the Reserve File, and that these actions be permitted to remain in the Reserve File for an additional six months. In moving for this extension of time, plaintiffs' counsel assured the Court that counsel had pursued plaintiffs' claims with diligence, and would continue to do so if afforded the additional time. The government consented to plaintiffs' motion.

By order dated February 25, 1994, the court granted plaintiffs' motion and directed that these twelve actions would be placed on the Reserve Calendar. The Court subsequently determined that in the interest of effective calendar control, these twelve actions should not have been shifted to the Reserve File. Consequently, by order dated March 4, 1994, the Court directed that these twelve actions would remain in Suspension Disposition File No. 88–08–00655. The Court's order afforded plaintiffs until June 24, 1994, to submit proposed stipulations for judgment to government counsel for review. The Court's order further provided a timetable governing the disposition of any proposed stipulations submitted by plaintiffs to the government.

On June 24, 1994, plaintiffs filed the motion for an extension of time that is presently before the Court. The government opposes plaintiffs' motion, and cross-moves to dismiss these twelve suspended civil actions for lack of prosecution pursuant to Rule 41(b)(2) of the rules of this Court.

## DISCUSSION

The Court first notes that defendant's cross-motion to dismiss for lack of prosecution was filed on June 28, 1994. Pursuant to USCIT Rule 7(d), plaintiffs were afforded thirty days from that date within which to submit a response to defendant's dispositive cross-motion. Plaintiffs were also afforded an additional five days pursuant to USCIT Rule 6(c),

---

[1] The Court's Order stated:

The court notes that plaintiffs' motion offers very little evidence to indicate that plaintiffs have actively pursued collection of the necessary data despite being given four months within which to do so. Nevertheless, in the interest of avoiding protracted and unnecessary litigation and the concomitant expense to both the government and to plaintiffs, the court grants this final extension.

to account for defendant's service by mail. Thus, plaintiffs' deadline for filing a response to the government's motion to dismiss was August 2, 1994. To date, plaintiffs have failed to file either a response or a motion for leave to file a response out of time. The Court thus renders its decision based upon plaintiffs' motion for an extension of time, defendant's cross-motion to dismiss, and all other papers and proceedings had herein.

Motions for extensions of time should "be made far enough in advance of deadlines so as to afford the Court at least some time within the litigants' periods to perform to decide them." *Internor Trade Inc. v. United States,* 10 CIT 472, 473 (1986). The operative principle here is to discourage parties from attempting to manipulate the Court's time schedules. *See id.; United States v. Neman,* 17 CIT 795, 796, Slip Op. 93–149 at 3 (Aug. 6, 1993). Thus, the Court's Rules also provide an exception for instances in which a delay in filing is "the result of excusable neglect or circumstances beyond the control of the party." USCIT Rule 6(b)(2). In this case, plaintiffs have filed three motions for extensions of time within which to resolve these twelve suspended actions; each of plaintiffs' motions was filed on the *last day* of the litigants' allotted time periods. "The filing of a motion for extension of time on the last day of the period for performance has been thoroughly discouraged by this Court * * *." *Neman,* 17 CIT at 796, Slip Op. 93–149 at 2–3. Plaintiffs have yet to even attempt a showing of good cause for waiting to file each of their motions for extensions of time on the last possible day afforded by each of the Court's prior orders. Plaintiffs' pattern of behavior represents an unacceptable attempt to manipulate and circumvent the Court's scheduling orders. Dismissal, though drastic, is warranted where there has been a clear pattern of delay or a failure to comply with orders of the Court. *A. Hirsh, Inc. v. United States,* 12 CIT 721, 723 (1988); *United States v. B.B.S. Elecs. Int'l Inc.,* 9 CIT 561, 563, 622 F. Supp. 1089, 1091–92 (1985).

The test case under which these twelve actions were suspended was decided over fifteen months ago. The Court's first order, which provided four months within which to resolve these suspended actions, was issued over one year ago. Plaintiffs have been on notice since November 18, 1993, of the Court's direction that these actions be diligently prosecuted, or face dismissal for lack of prosecution. In granting plaintiffs' first motion for an extension of time, the Court expressly stated that no further extensions would be granted. Notwithstanding this express instruction, however, upon expiration of the allotted time period, the Court chose in its discretion to afford plaintiffs one final opportunity to resolve these twelve suspended cases. The court therefore granted plaintiffs' second motion for an extension of time, setting forth a structured timetable governing the submission, consideration, and disposition of any proposed stipulated judgments to be submitted by plaintiffs to the government. Despite being afforded a reprieve, plaintiffs failed to

submit any proposed stipulated judgments during this final four month period, and thus failed to comply with the terms of the Court's order.

In considering plaintiffs' motion and defendant's cross-motion, the Court's attention focuses upon the inescapable fact that, despite being afforded almost an entire year within which to collect and submit the necessary documentation, plaintiffs have made no attempt to resolve *any* of the twelve suspended actions via submission of a proposed stipulated judgment supported by the requisite documentation. Nor have plaintiffs proffered an adequate explanation for plaintiffs' failure to do so. The Court finds that plaintiffs have been afforded ample time within which to attempt a resolution to at least one of the twelve suspended actions. In light of plaintiffs' failure to attempt even partial compliance with the Court's Order dated February 25, 1994, the Court sees no reason to permit this pattern of delay to continue. For the foregoing reasons, the Court finds that plaintiffs have failed to present adequate grounds to justify granting a third extension of time, and have failed to prosecute with due diligence the twelve actions in Suspension Disposition File No. 88–08–00655. Consequently, it is hereby

ORDERED that plaintiffs' motion for an extension of time is DENIED; it is further

ORDERED that defendant's motion to dismiss for lack of prosecution is GRANTED; and it is further

ORDERED that, pursuant to USCIT Rule 41(b)(2), Court Nos. 88–04–00307; 88–06–00403; 88–09–00721; 88–10–00750; 88–10–00785; 88–11–00858; 89–03–00134; 89–05–00270; 89–07–00416; 89–10–00586; 90–07–00327; and 91–07–00509 are DISMISSED for lack of prosecution. Judgment will be entered accordingly.

### SCHEDULE OF CIVIL ACTIONS

| Plaintiff(s) | Court Nos. |
|---|---|
| Hamil Textiles, U.S.A. and Hamil Textiles, Ltd. | 88–04–00307 |
| Hamil Textiles, Ltd. for Hamil Textiles, Inc. | 88–06–00403 |
| Hamil Textiles | 88–09–00721 |
| Hamil Textiles | 88–10–00750 |
| Hamil Textiles | 88–10–00785 |
| Hamil Textiles and C.J. Tower & Sons of Buffalo, Inc. | 88–11–00858 |
| Hamil Textiles | 89–03–00134 |
| Hamil Textiles and C.J. Tower & Sons of Buffalo, Inc. | 89–05–00270 |
| Hamil Textiles | 89–07–00416 |
| Hamil Textiles | 89–10–00586 |
| Hamil Textiles | 90–07–00327 |
| Hamil Textiles | 91–07–00509 |